IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HELEN C. HOPKINSON,<br><br>　　　Plaintiff,<br>v.<br><br>MARMAXX d/b/a MARSHALLS, a<br>division of TJX COMPANIES, INC.,<br><br>　　　Defendant. | Civil Action<br>File No.:　　＿＿＿＿＿＿＿＿＿＿＿ |

## PETITION FOR REMOVAL

TO:　The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW, The TJX Companies, Inc., by and through its undersigned counsel, and hereby files its Petition for Removal and respectfully shows this Court the following:

1.　A civil action has been filed and is now pending in the State Court of DeKalb County, State of Georgia, designated as Civil Action File No. 21A01141.

2.　The Summons and Complaint in that action were filed in the State Court of DeKalb County on March 7, 2021. Defendant The TJX Companies, Inc. has not yet been served, but is aware of the existence of the lawsuit. The time for

removal does not begin until "simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). Therefore, the petition for removal is timely filed.

3.    TJX Companies, Inc. files herewith a copy of all process, pleadings, and orders including the Summons, Complaint, Special Appearance Answers and Notice of Removal in this action, pursuant to 28 USC § 1446.  [Attached hereto as Exhibits A-D, F].

4.    Defendant is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware and having its principal place of business in Massachusetts.

5.    In her lawsuit, Plaintiff named "Marmaxx d/b/a Marshalls, a division of TJX Companies, Inc." as a defendant. Specifically, Plaintiff alleges it is a domestic (Georgia) corporation. (Exhibit B, ¶ 2). However, no such corporation exists. Therefore, this non-entity is an improperly named party and may be ignored for purposes of considering whether there is complete diversity among the

parties. Further, Plaintiff has fraudulently joined this non-existent corporation because the owner and operator of the subject store is The TJX Companies, Inc.

6.      Plaintiff is a citizen of the State of Georgia.

7.      After disregarding Outback Steakhouse International, L.P. when considering whether complete diversity exists, the Court is left with the Georgia citizen Plaintiff, and Delaware and Massachusetts citizen The TJX Companies, Inc. Therefore, complete diversity exists and this case is properly removed.

8.      The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the parties and Defendant is not a resident of the State of Georgia, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is

not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) A Defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional amount. Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256 (N.D. Ga. 1996). When deciding whether the amount in controversy has been satisfied, the District Court can use its judicial experience and common sense. Roe v. Michelin North America, Inc., 613 F. 3d. 1058, 1064 (11th Cir. 2010).

Plaintiff's complaint does not specifically allege any special damages, nor does it specifically allege the nature of her injuries. (Exhibit B, generally). Plaintiff does allege she is entitled to damages for her injuries, pain and suffering, costs of past and future care and treatment, lost wages and the ability to labor, and all other elements of damages allowed under Georgia law. (Exhibit B, ¶ 28). Plaintiff also made a claim for punitive damages and for attorney's fees and costs of litigation. (Exhibit B, ¶ 29, 30). Plaintiff did make a pre-suit demand on December 27, 2020, which explained her injuries, treatment, and outlined the claimed damages. (See Exhibit E, generally).

Plaintiff's demand letter, which was made after she terminated her original attorney, sought $332,000.00 to resolve the case. (See Exhibit E, p. 5). Plaintiff claims that as a result of the incident, she has developed Morton's Neuroma in her foot, which she asserted is the thickening of tissue around one of the bones leading to her toes. She also claims she has a neuroma or neuritis in her foot, where inflammation of a nerve or nerves in her foot cause pain and loss of function. (Exhibit E, p. 3). Plaintiff claims she has chronic pain in her feet and ankles, and that she has an injury and tendonitis in her Achilles' Tendon. (Exhibit E, p. 3). Finally, she claims she will need continued future treatment. (Exhibit E, p. 3).

Based on the demand, and Plaintiff's claims for punitive damages and attorney's fees in her complaint, it is clear more than $75,000.00 is in controversy in this case.

9.     Defendant attaches hereto a copy of the Summons and Complaint in the State Court of DeKalb County, Georgia.  [Exhibits A, B].

10.    Defendant attaches hereto a copy of Defendant's Notice of Removal filed in the State Court of DeKalb County, Georgia.  [Exhibit F].

11.    This action is currently pending in the State Court of DeKalb County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division.  28 U.S.C.A. § 1446(a).

12.     All Defendants who have been served consent to this removal.

WHEREFORE the Defendant prays the above action now pending before the

State Court of Fulton County, Georgia be removed to this Court.

This 1st day of June, 2021.

                                    Goodman McGuffey LLP
                                    Attorneys for Marmaxx,
                                    and The TJX Companies, Inc.

                    By:    /s/ Robert E. Noble, III
                           ROBERT A. LUSKIN
                           GA Bar No.  004383
                           rluskin@GM-LLP.com
                           ROBERT E. NOBLE, III
                           GA Bar No.  261331
                           rnoble@GM-LLP.com
                           3340 Peachtree Road NE, Suite 2100
                           Atlanta, GA 30326-1084
                           (404) 264-1500 Phone
                           (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HELEN C. HOPKINSON,

     Plaintiff,

v.

MARMAXX d/b/a MARSHALLS, a
division of TJX COMPANIES, INC.,

     Defendant.

Civil Action
File No.: _____

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this **Petition for Removal** with the

Clerk of Court using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorneys of record:

Zenobia Waters
The Waters Firm, P.C.
3340 Peachtree Road, N.E., Ste 1878
Atlanta, GA 30326
zenobia@thewatersfirmpc.com

This 1st day of June, 2021.

/s/ Robert E. Noble, III
ROBERT E. NOBLE, III
GA Bar No. 261331
rnoble@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone, (404) 264-1737 Fax