IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| HELEN C. HOPKINSON,           )<br>                                                     )<br>     Plaintiff,                              )<br>                                                     )<br>v.                                              )   Civil Action No.: 21A01141<br>                                                     )<br>MARMAXX d/b/a MARSHALLS,   )<br>a division of TJX COMPANIES, INC. )<br>                                                     )<br>     Defendants.                         )  | |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff HELEN C. HOPKINSON and makes and files this Complaint for Damages against Defendants MARMAXX d/b/a MARSHALLS a division of the TJX COMPANIES, INC., (hereafter collectively referred to as "Defendants") and shows this Honorable Court as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff HELEN C. HOPKINSON (hereinafter referred to as "Plaintiff" is subject to the venue and jurisdiction of the Court by virtue of filing this Complaint for Damages.

2.

Defendants MARMAXX d/b/a MARSHALLS a division of the TJX COMPANIES, INC.,(hereinafter "Defendants") are now and were at the time the claim which is the subject matter of this Complaint for Damages arose, a domestic for profit corporations organized and existing under the laws of the State of Georgia having offices and doing business in the State of

Copy from re:SearchGA

STATE COURT OF
DEKALB COUNTY, GA.
3/7/2021 11:44 PM
E-FILED
BY: Monica Gay

Exhibit B, Page 1 of 7

Georgia, and may be served by way of their registered agents, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

3.

Jurisdiction and venue are proper in this Court.

4.

On March 8, 2019, Plaintiff was an invitee at the MARSHALLS located at 150 Brookhaven Avenue, Town Brookhaven, Brookhaven, Georgia 30319 (hereinafter referred to as "MARSHALLS."

5.

On said date, Plaintiff while shopping for handbags was violently struck from behind by a heavy industrial clothing rack.

6.

At all times relevant to this litigation, Defendants, either independently or jointly owned, operated, controlled and managed the MARSHALLS store located at 150 Brookhaven Avenue, Town Brookhaven, Brookhaven, (DeKalb County) Georgia 30319.

7.

As a result of this reckless and negligent act, Plaintiff' has suffered serious mental and physical injuries.

## COUNT I: PREMISE LIABILITY

8.

Plaintiff incorporates by reference and re-alleges Paragraphs One (1) through Seven (7) of this Complaint, as if fully restated herein.

9.

Defendants own and operate discount stores selling merchandise to customers.

10.

Plaintiff was an invitee on the premises at the time of this incident.

11.

Defendants failed to exercise reasonable care to keep its premises safe and was otherwise negligent for failing to keep their shopping isles free of hazards.

12.

Defendants had knowledge, whether actual or apparent, of the presence of the industrial heavy equipment risks that caused the Plaintiff's injuries.

12.

Defendants were negligent in failing to prevent the store free of hazards even though Defendants knew or should have known the hazard was present prior to Plaintiff's injury.

13

Plaintiff exercised ordinary care for her personal safety while walking through the MARSHALLS' Brookhaven store and the heavy industrial equipment was not visible. Thus, Plaintiff could <u>not</u> have known she was going to be struck from behind by industrial equipment.

14.

Defendants' negligence was the actual and proximate cause of Plaintiff's injuries.

## COUNT II: VICARIOUS LIABILITY

15.

Plaintiff incorporates by reference and re-alleges Paragraphs One (1) through Fourteen (14) of this Complaint, as if fully restated herein.

16.

The individuals responsible for the inspection and maintaining the control of the said heavy industrial equipment were employees and/or agent of the Defendants and were acting during and within the scope of their employment.

17.

Pursuant to O.C.G.A. §51-2-2 and/or the doctrine of *respondeat superior*, Defendants are legally and vicariously liable for the negligent acts or omission of any of its employees or agents which proximately caused the personal injuries and related damages complained herein.

## **COUNT III: NEGLIGENCE TRAINING AND SUPERVISION**

18.

Plaintiff incorporates by reference and re-alleges Paragraphs One (1) through Seventeen (17) of this Complaint, as if fully restated herein.

19.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, maintenance, and safety control were performed on the premises and in failing to train its employees concerning safety procedures for maintaining and controlling of heavy equipment during business hours on the premise.

20.

Defendants were negligent in its training and supervision of its employees or agents.

21.

As a result of Defendants negligence in its training and supervision of its employees or agents, Plaintiff was injured at MARSHALLS on March 8, 2019.

**OUNT IV: DAMAGES**

22.

Plaintiff incorporates by reference and re-alleges Paragraphs One (1) through Twenty-One (21) of this Complaint, as if fully restated herein.

23.

As a direct and proximate result of the Defendants or its employees or agents, Plaintiff has sustained severe personal injuries and will continue to suffer personal injuries in the future, including bodily injury, pain and mental suffering.

24.

As a direct and proximate result of the Defendants or its employees or agents, Plaintiff has incurred medical and other expense in treatment for said personal injuries in an amount not less than $12,606.00.

25.

As a direct and proximate result of Defendants or its employees or agents, Plaintiff has experienced significant pain and suffering and loss of ability to perform routine function of daily life.

26.

As of the personal injuries and damages experienced by Plaintiff as a result of the incident which is the subject of this Complaint for Damages were a direct and proximate result of the negligent acts or commission of Defendants, its employees or agents.

.

27.

Defendants accepted liability for the physical harm they caused but refused to negotiate or settle in good faith.

28.

As a result of Defendant's negligence, Plaintiff is entitled to recover for the injuries sustained, pain and suffering, the costs of past and future care and treatment, lost wages and the ability to labor, and all other elements of damages as allowed under the laws of the State of Georgia, including special damages, compensatory damages, consequential damages, economic damages and punitive damages.

29.

Plaintiff is entitled to an award of punitive damages pursuant to Georgia law, without limitation or cap because the actions of Defendant and its agents and employees showed wantonness, oppression, and an entire want of care, which would raise the presumption of conscious indifference to consequences.

30.

Defendants have acted in bad faith, been stubbornly litigious and caused the Plaintiff unnecessary trouble and expenses. Pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required to defend this action.

**WHEREFORE**, the Plaintiff prays:
a) That summons, and process issue and that Defendants be served as provided by law;
b) That the Plaintiff be granted a trial by jury as to all issues;

c) That the Plaintiff be awarded Attorney fees, general damages against Defendants in an amount to be determined by the enlightened conscience of an impartial jury;

d) That the Plaintiff be awarded special damages against Defendants in an amount which may be proved upon the trial of this case;

e) That Plaintiff recovers a verdict and judgement against Defendant for Attorney's fees and expense of litigation; and

f) That all costs be cast upon Defendants; and

g) That Plaintiff have such other relief as this Court deems just and proper.

Respectfully submitted this 7th day of March, 2021.

   /s/ Zenobia Waters.
Zenobia Waters
Georgia Bar No. 023178
*Attorney for Plaintiff*

**THE WATERS FIRM, P.C.**
3340 Peachtree Road, N.E., Ste 1878
Atlanta, Georgia 30326
Telephone (404) 848-7722
Direct (404) 512-1352
Fax (404 393-3423
zenobia@thewatersfirmpc.com

STATE COURT OF
DEKALB COUNTY, GA.
3/7/2021 11:44 PM
E-FILED
BY: Monica Gay